

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable Arnold Smith
County Attorney
Montgomery County
Conroe, Texas

Dear Sir:

Opinion No. 0-4590
Re: Whether contract may be award-
ed by board of trustees of in-
dependent school district to
relative of member of board or
to corporation of which member
is stock holder

We have your letter of May 13, 1942, in which you
ask the opinion of this department upon the following ques-
tions:

"1.  Can an independent school district board
enter into a contract for the purchase of school
materials from a store or other place of business
when one of its members works in said store or
place of business and is the son-in-law of the
owner of said store or place of business?

"2.  Can an independent school district board
enter into a contract with a place of business when
one of its members is the son of the owner of said
place of business?"

We have also received your letter of May 14, 1942, in which you
ask the following two additional questions:

"1.  Is a contract invalid which is entered
into between the board of trustees of an indepen-
dent school district and a corporation when one of
the members of the board of trustees is also a
stock holder in the corporation and is employed
by the corporation?

"2. If question No. 1 is answered 'No,' then, in a vote on such contract by this board of trustees, at which time such stock holder is presiding, and three trustees vote 'No,' and three trustees vote 'Yes' for such contract, and then if said presiding officer casts the deciding vote in favor of the contract with this corporation, is such contract valid?"

We have held that Article 373, Penal Code, is not applicable to independent school district trustees acting as such in awarding contracts for the school district. Opinion No. 0-1589. However, it is well established in Texas that contracts entered into by a public officer in his official capacity are illegal and void if such officer either directly or indirectly has a pecuniary interest in such contract. Meyers, et al. v. Walker, et al., 276 S. W. 305; Opinions No. 0-878, No. 0-1014, No. 0-1589, No. 0-2306, No. 0-2856 and No. 0-2980. We quote the following from the opinion of the court in the Meyers case:

"'Contracts in their nature calculated to influence the action of public officers and the effect of which is to influence them one way or the other are against public policy.' If a public official directly or indirectly has a pecuniary interest in a contract, no matter how honest he may be, and although he may not be influenced by the interest, such a contract so made is violative of the spirit and letter of our law, and is against public policy."

We do not have the full facts before us. In connection with the questions you ask in the letter of May 13, 1942, you state that the board member "owns no stock or interest in the store or place of business." We believe that in connection with these questions you want to know whether the relationship between the trustee and the owner of the business establishment vitiates such contracts. Since you do not advise us to the contrary, we are compelled to assume in connection with your questions of May 13th that the trustee receives no commission, bonus, or any other form of compensation, and has no pecuniary interest whatsoever in the contract, for any such interest, either direct or indirect, would render the contract

Honorable Arnold Smith, page 3

illegal. We must also assume in connection with such questions that the trustee is not an officer of the business establishment owned by his father or father-in-law.

The relationship alone is not sufficient to invalidate the contract. Therefore, in view of the facts before us and the assumptions we have made, you are respectfully advised that the board of trustees may enter into a contract for school materials with the father or father-in-law of one of the trustees if such trustee has no pecuniary interest, either directly or indirectly, in the contract, and this is true even though the trustee is an employee in the business establishment owned by his father or father-in-law. Opinion No. 0-2856.

In your letter of May 14th you ask, first, whether the board of trustees may enter into a contract (we presume, for supplies) with a corporation where one of the trustees is a stock holder of the corporation. We have answered this question in the negative in Opinions No. 0-878 and No. 0-2980, copies of which are enclosed for your consideration. As we have answered this question in the negative, the second question asked in your letter of May 14th does not call for an answer.

We wish to emphasize that this opinion is expressly limited to the fact situation disclosed in your letters and to the assumptions made.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By George W. Sparks
Assistant

GWS: db

Enclosures

APPROVED MAY 26, 1942

ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE
BY
CHAIRMAN